**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 14 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RAMONA MANTHEI,

     Petitioner - Appellant,

vs.

J. B. BOGAN; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 99-6235
(D.C. No. CIV-98-436-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

     Ms. Manthei, an inmate appearing pro se, seeks to appeal from the denial of

her 28 U.S.C. § 2254 habeas petition. We deny a certificate of appealability and

dismiss the appeal.

---

     [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

Background

Charged with various state offenses relating to the manufacture of amphetamine, Ms. Manthei pled guilty and was sentenced to serve three concurrent terms of imprisonment: 30 years for conspiracy to commit a felony; 30 years for unlawful manufacture of a controlled substance; and 15 years for racketeering. Judgments were entered in March 1990 reflecting that the state sentences ran concurrently with one another, but ran consecutively with a 15-year prior federal sentence for drug distribution. Ms. Manthei claims that she pled guilty to state charges based upon an oral plea agreement with the state prosecutor guaranteeing that both the state and federal sentences would run concurrently. She did not challenge her sentences in 1990 because she did not receive a copy of the judgments and believed that they reflected her plea agreement.

In 1995, Ms. Manthei discovered that her state sentences were to run consecutively to her federal sentence. She filed a motion for judgment nunc pro tunc with the state district court in April 1996. Her motion was denied and the Oklahoma Court of Criminal Appeals affirmed, holding that her claim was procedurally barred. Ms. Manthei then filed a federal habeas petition arguing that the state sentence she received was not in accordance with the plea agreement. On appeal, she argues ineffective assistance of counsel, based partly on the denial

of double jeopardy protection. The district court did not act on a certificate of appealability; we thus deem it denied by the district court.

## Discussion

### A.    Ineffective Assistance

In order to succeed on her ineffective assistance claim, Ms. Manthei must meet the two part test of Strickland v. Washington, 466 U.S. 668 (1984). First, she must show that counsel's representation "fell below an objective standard of reasonableness," id. at 688, and second, that she was actually prejudiced by such representation. Id. at 692. In the context of a guilty plea, this means that she "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted upon going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Ms. Manthei first argues that she was prejudiced by her counsel's failure to secure a written plea agreement showing that the sentences were to run concurrently. However, in its September 25, 1997 order, the Oklahoma district court specifically found that "[t]here was no such agreement." In a § 2254 habeas proceeding, a factual determination by a state court is presumed correct, unless rebutted by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To overcome this presumption, Ms. Manthei relies upon affidavits from her

attorney, former husband, and brother in law who were all present at the time of the alleged agreement. However, there is no evidence in the trial records of any such agreement, neither party brought any agreement to the attention of the court, and the contemporaneous notes of Ms. Manthei's attorney are at best ambiguous. Moreover, on her Change of Plea form, Ms. Manthei answered "No" to the following question: "Has anyone told you that your sentence will run concurrent with any other sentence?"

Second, Ms. Manthei points to the supplemental findings of the magistrate judge to show that part of the plea agreement was that the state would stand moot at sentencing. She claims that this part of the agreement was breached when the state called witnesses to the stand to recap testimony already given at the preliminary hearing, and her counsel prejudicially failed to intervene.

This argument misinterprets the findings. The magistrate judge found that "relevant portions of the Sentencing Transcript suggest that the plea agreement with the State was more in the nature of a blind plea, and petitioner would simply not draw an objection from the State to the arguments made by defense counsel." Even assuming that there was an agreement not to object to defense arguments, this simply is not violated by the state's presentation of prior testimony. Ms. Manthei's conclusory statements without more are insufficient to show prejudice.

Finally, Ms. Manthei claims that counsel erred by telling the court that the

federal and state cases "have never been connected up." She apparently claims that this allowed the judge to find the cases were "separate" and impose the sentences consecutively. However, because there was no agreement to run the sentences concurrently, Ms. Manthei cannot show prejudice from this action.

Even assuming that Ms. Manthei has established that her plea involved erroneous advice, she has failed to demonstrate a reasonable probability that, but for such advice, she would have pled not guilty and gone to trial. See Hill, 474 U.S. at 60. Although she has made this statement, it is unsupported by the nature of the plea agreement–the state district judge retained considerable discretion as to sentencing and could have imposed substantially longer, though concurrent, state sentences.

B.    Double Jeopardy

Ms. Manthei maintains that imposing a state sentence consecutive to a federal sentence based on the same underlying conduct is a double jeopardy violation. "It is well established that 'prosecutions undertaken by separate sovereign governments, no matter how similar they may be in character, do not raise the specter of double jeopardy as that constitutional doctrine is commonly understood.'" United States v. Trammell, 133 F.3d 1343, 1349 (10th Cir. 1998) (citation omitted). Like prosecutions, sentences from different sovereign

governments simply do not raise double jeopardy concerns, whether imposed consecutively or concurrently.

We GRANT the motion to proceed in forma pauperis, DENY a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge